# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1086V
Filed: March 25, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MARILYN WITBRODT, | \* |
| | \* |
| Petitioner, | \*   Damages Decision Based on Proffer; |
| | \*   Influenza or Flu Vaccine; |
| | \*   Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | \*   Administration; SIRVA; Special |
| AND HUMAN SERVICES, | \*   Processing Unit |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Alison Haskins*, Esq., Maglio Christopher and Toale, PA, Sarasota, FL for petitioner.
*Linda Renzi*, Esq., U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On November 7, 2014, Marilyn Witbrodt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury caused by the influenza vaccination she received on September 30, 2013.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 19, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"]. On March 25, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $115,000.00 representing "all elements of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] Petition at 1, 3. Although the petition is titled "'On-Table' Petition for Compensation," petition alleges her injuries are causally related to her vaccination.

compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled." Proffer at 1.  Respondent avers that petitioner is a competent adult, proof of guardianship is not required, and petitioner agrees to this proposed amount.  *Id.*

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $115,000.00 in the form of a check payable to petitioner, Marilyn Witbrodt.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

N THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| MARILYN WITBRODT, | ) | |
| | ) | |
| Petitioner, | ) | No. 14-1086V |
| | ) | Chief Special Master |
| v. | ) | Denise K. Vowell |
| | ) | ECF |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Compensation for Vaccine Injury-Related Items:**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $115,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); §15(a)(3)(A); and §15(a)(4).  Petitioner agrees.

**II.    Form of the Award:**

The parties recommend that the compensation provided to Marilyn Witbrodt should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of $115,000.00, in the form of a check payable to petitioner, Marilyn Witbrodt.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

s/ Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 616-4133

DATED:  March 25, 2015